UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIVERS D. DALTON,

        Plaintiff,

v.                          Case No: 2:13-cv-734-FtM-29DNF

L. SEVERSON, Warden at
Charlotte State Prison,
individually and in their
official capacities and
REDNECK, Correctional
Officer at Charlotte State
Prison, individually and in
their official capacities,

        Defendants.

_____

**OPINION AND ORDER**

**I.**

This matter comes before the Court upon review of the motion

to dismiss (Doc. #37, Motion) filed on behalf of defendants

Severson and Reineck.[1]  Plaintiff filed a response (Doc. #50) in

opposition.[2]  Based on the reasons that follow, the Court grants

_____

[1] Plaintiff misspells officer Reineck's name "Redneck."
Officer Reineck has received service of process and is aware that
the claims are against him.  Accordingly, the Clerk is directed
to correct the docket accordingly.

[2] Plaintiff's response in opposition suggests that Plaintiff
believes the defendants filed a motion to dismiss converted to a
summary judgment.  The Court will not covert defendants' motion
to dismiss to a motion for summary judgment because the exhibits
defendants' referenced were those attached to Plaintiff's
Complaint. Also pending is Plaintiff's motion for an enlargement
of time to file a response (Doc. #43).  The Clerk shall terminate
this motion.  See Doc. #52.

in part and otherwise denies defendants' motion.  The motion is granted only to the extent that some of Plaintiff's requested forms of relief (injunctive and declaratory) are now moot and the claim for monetary damages against defendants in their official capacities is precluded by Eleventh Amendment immunity. Otherwise, defendants' motion is denied.

## II.

Plaintiff Rivers Dalton initiated this action proceeding pro se by filing a Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on October 17, 2013, naming Warden Severson and correctional officer Reineck in their individual and official capacities as defendants.  Complaint at 1.  The Complaint alleges an Eighth Amendment failure to protect claim stemming from physical attacks on two different occasions by two different cellmates at Charlotte Correctional Institution.  Additionally, with regard to the second attack, the Complaint alleges a failure to provide medical treatment for a serious medical condition claim.

Specifically, the Complaint alleges that two of Plaintiff's cellmates ("Solider" and "Tyler Reed"), who were gang members, physically assaulted him.[3]  Id. at 2-4 (Solider allegations); 4-6 (Reed allegations).  Solider's attacks on Plaintiff happened over a period of days in October 2012.  Id. at 2-4.  Tyler Reed's

---

[3]The Complaint alleges physical attacks by both cellmates, which although not entirely clear, appear to include attacks of a sexual nature.  Complaint at 8.

attack on Plaintiff happened on October 26, 2012. Id. at 5. Plaintiff alleges that he told Warden Severson and correctional officer Reineck that the cellmates threatened him with physical harm, but defendants failed to move him, or his cellmates, until after the cellmates attacked him. Id. at 2-6. Plaintiff alleges that the October 26 attack by inmate Reed was very violent and involved Plaintiff being hit over the head with a food tray, bit, and stabbed with a piece of metal. Id. at 6.

Additionally, during the second attack by Reed, Plaintiff alleges that defendant Reineck watched outside of the cell and did nothing to stop the attack. Id. at 5. Thereafter, Plaintiff claims he was denied medical care for his wounds until he declared a medical emergency. Id. at 6. Eventually Plaintiff was moved away from the cell with Reed, but Plaintiff alleges that he still received death threats from other gang members. Id. at 6-7. As relief, Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages. Id.

Defendants properly concede that the Complaint alleges a failure to protect claim against defendant Reineck. Motion at 3. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss the action in its entirety against defendant Severson and in part against defendant Reineck, arguing that "mere participation in a grievance procedure is not actionable under § 1983." Motion at 2. Additionally, defendants argue that Plaintiff is not entitled to injunctive relief because he is

currently housed a Santa Rosa Correctional, so any relief against Charlotte Correctional would be moot.  Id.  Finally, defendants argue that the Complaint fails to state a deliberate indifference to a serious medical condition claim because the exhibits attached to the Complaint reveal that Plaintiff received medical care after the second attack.  Id. at 3.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff.  Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss.  Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The

plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16.  Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part).  Additionally, there is no longer a heightened pleading requirement.  Randall, 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

IV.

**A.  Section 1983**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001); <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988, 999 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**B.  Eighth Amendment Claims**

**1.  Failure to Protect**

Defendants do not contest that they are "state actors."  And, as previously stated, defendants' concede the Complaint alleges a failure to protect claim against defendant Reineck.  The Court finds that the Complaint also plausibly states an Eighth Amendment claim against defendant Severson.

The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence . . . ." Farmer v. Brennan, 511 U.S. 825, 833 (1994); see also Doe v. Georgia Dep't of Corr., 245 F. App'x. 899 (11th Cir. 2007). A violation of the Eighth Amendment occurs when a prison official acts with deliberate indifference to a substantial risk of harm to an inmate. Farmer, 511 U.S. at 828. "Deliberate indifference is not the same thing as negligence or carelessness." Maldonado v. Snead, 168 F. App'x 373 (11th Cir. 2006)(citing Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004)). "Merely negligent failure to protect" an inmate from an attack does not give rise to a § 1983 claim. Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003).

A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. Purcell v. Toombs County, Ga., 400 F.3d 1313, 1319-20; Carter, 352 F.3d at 1349. In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." Id. at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer, 511 U.S. at 838.

Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. Id. at 842.

Here, the Complaint alleges that Plaintiff repeatedly warned Warden Severson (via inmate grievances) and correctional officer Reineck of the spoken physical threats of violence against him by other inmates, including Solider and Terry, but defendants failed to take any protective measures until after Plaintiff was physically assaulted. These allegations are sufficient to state a claim. Defendants argue that the grievances attached to the Complaint show that Severson granted Plaintiff's October 10 grievance and directed that he be moved from the cell. Severson denied the October 15 grievance because Plaintiff had already been moved. Thus, Defendant Severson argues that he should be dismissed. Even if the grievances attached to the Complaint that warned Severson about the threats of physical violence are only dated after the attack occurred, Plaintiff was not required to attach all grievances to his Complaint. Moreover, the Complaint alleges that Plaintiff warned both Severson and Reineck about the threats of physical violence prior to the attacks. Additionally, the Complaint alleges that officer Reineck was standing outside of Plaintiff's cell while the attack occurred and did nothing to stop the attack. Thus, the claim proceeds against defendants Severson and Reineck.

### 2. Deliberate Indifference to Serious Medical Condition

The Complaint also alleges that Plaintiff was denied or delayed medical care for his wounds stemming from the second attack. "[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). A plaintiff alleging a constitutional deliberate indifference claim "must sufficiently allege 'both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need.'" Harper v. Lawrence County, Ala., 592 F.3d. 1227, 1233 (11th Cir. 2010)(quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)(footnote omitted)). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citing Taylor, 221 F.3d at 1258)(alteration in original). To establish "deliberate indifference" the plaintiff must establish that Defendant "(1) had sufficient knowledge of a risk of serious

harm; (2) disregarded that risk; and, (3) acted with more than gross negligence." Harper, 592 F.3d at 1233 (citations omitted). Further, the plaintiff must show that it was the "Defendant's conduct" that "caused [Plaintiff's] injuries." Id.

To establish "sufficient knowledge," a Defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also draw the inference.'" Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette, 533 F.3d at 1331.

Further, a plaintiff must allege that the defendant disregarded the risk of serious harm to the plaintiff with conduct that rises beyond negligence. Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001). "Deliberate indifference" can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow, 320 F.3d at 1247.

Defendants argue that the Court should find the Complaint fails to state a claim because that the exhibits attached thereto show that Plaintiff received medical care after the second attack. Motion at 2 (citing "Doc. 1-3", Doc. #1, ¶ 26).

The Court is not persuaded by defendants' argument. The Complaint alleges that defendant Reineck refused to remove Plaintiff from the cell after the violent attack. Complaint at 6. A reasonable inference from this allegation is that Reineck failed to escort, or call an escort, for Plaintiff to medical after he was hit in the head with a food tray, bit, and stabbed with a piece of metal. Additionally, the Complaint alleges that Plaintiff was seen by the medical department only after he requested to see medical. Id. Thus, the Complaint plausibly alleges an Eighth Amendment claim stemming from deliberate indifference to a serious medical condition stemming from the delay in treatment.

**C. Eleventh Amendment Immunity Bars Certain Monetary Damages**

Plaintiff seeks monetary damages against defendants in their individual and official capacities. See Complaint at 9. Defendants argue that all claims for monetary damages against them in their official capacities are precluded by Eleventh Amendment immunity. Motion at 6.

It is well established that a suit against a defendant governmental officer in his official capacity is the same as suit against the entity that employs the officer. See McMillian v.

Monroe County, 520 U.S. 781, 785 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985).   In Zatler v. Wainwright, the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's Eleventh Amendment immunity in section 1983 damage suits.   Furthermore, after reviewing specific provisions of the Florida Statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.

802 F.2d 397, 400 (11th Cir. 1986) (internal citations omitted). Accordingly, in Zatler, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity.   Id.   Consequently, the Court will grant defendants' motion insofar as Plaintiff seeks monetary damages against any of the defendants in their official capacities.

**D.   Injunctive and Declaratory Relief is Moot**

Plaintiff seeks injunctive relief as a remedy.   Defendants assert that a request for injunctive relief is moot because Plaintiff has been transferred.   Motion at 6.   Defendants' argument is correct.   See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1362 (11th Cir. 1984)("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.")(citation omitted)); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985)(prisoner's individual claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in

which unconstitutional conditions allegedly existed); <u>Spears v. Thigpen</u>, 846 F.2d 1237, 1328 (11th Cir. 1988) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985)("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Accordingly, Plaintiff's request for injunctive and declaratory relief is dismissed as moot.

ACCORDINGLY, it is hereby **ORDERED:**

1.  The Clerk shall correct defendant "Redneck" to Reineck.

2.  Defendants' motion to dismiss is **granted in part and otherwise denied** as set forth above.

3.  Defendants shall file an answer within **twenty-one (21) days** from the date on this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___11th___ day of December, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record